FILED
United States Court of Appeals
Tenth Circuit

October 10, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Petitioner - Appellee,

v.

GERALD WAYNE GREEN, a/k/a Duck,

Defendant-Appellant.

No. 12-7054

(E.D. Oklahoma)

(D.C. No. 6:10-CR-00084-RAW-3)

ORDER AND JUDGMENT[*]

Before **HARTZ**, **HOLMES**, and **BACHARACH**, Circuit Judges.

Mr. Gerald Wayne Green was convicted of distributing cocaine base within 1,000 feet of a school or playground. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 860(a) (2006). Under the Federal Sentencing Guidelines, Mr. Green's sentence could be affected by the volume of cocaine base attributable to him. The sentencing judge found that Mr. Green was responsible for all of the cocaine bought by himself and his co-defendant, Eric Vaughn Glenn. Based on that volume of cocaine base, the judge sentenced Mr. Green to a 168-month sentence and 72 months of supervised release.

---

[*] This order and judgment does not constitute precedent. *See* 10th Cir. R. 32.1(A).

The scope of our review is limited:  Viewing all the evidence in the light most favorable to the sentencing decision, did the district court commit clear error?  Concluding it did not, we affirm.

Sentencing and the Volume of
Cocaine Base Attributable to Mr. Green

After convicting Mr. Green of distributing cocaine base within 1,000 feet of a public school or playground, the district court had to determine the sentence. Under the Federal Sentencing Guidelines, the volume of drugs attributable to Mr. Green could affect that sentence.  So, to properly sentence Mr. Green, the district court had to determine the volume of cocaine base attributable to him.

For this determination, the court could consider the weight of drugs purchased by both Mr. Green and Mr. Glenn.  The court ultimately found Mr. Green responsible for over 4.056 kilograms of cocaine base.  R. vol. 2, at 693. This finding was based on the cumulative weight of the drugs purchased by both Mr. Green and Mr. Glenn.

In considering the cocaine base purchased by Mr. Glenn, the district court had the benefit of testimony by his girlfriend, Hyme LaFaunce.  She testified that:

- she was an addict and ordinarily purchased cocaine base from Mr. Glenn; but when he was hospitalized on two occasions, she bought from Mr. Green; and

- Mr. Green and Mr. Glenn traveled together for about two to three years to buy cocaine base from their common supplier and each transaction involved at least three ounces.

2

## Issues on Appeal

Mr. Green appeals his sentence on two grounds: (1) that the evidence does not establish that he and Mr. Glenn engaged in jointly undertaken criminal activity, and (2) that Mr. Green is not responsible for the entire volume of drugs implicated in the conspiracy.

## Standard of Review

We must affirm unless the district court committed clear error in determining the drug quantity attributable to a defendant, including the scope of jointly undertaken criminal activity. *United States v. Sells*, 541 F.3d 1227, 1235 (10th Cir. 2008). In applying this standard, we construe the evidence and draw inferences in the light most favorable to the district court's determination. *See United States v. Walters*, 269 F.3d 1207, 1214 (10th Cir. 2001). We will reverse factual findings on drug quantities "'only if the district court's finding was without factual support or we are left with the definite and firm conviction that a mistake has been made.'" *United States v. Ryan*, 236 F.3d 1268, 1273 (10th Cir. 2001) (citation omitted).

## Jointly Undertaken Criminal Activity

On appeal, Mr. Green argues that the evidence does not establish that he and Mr. Glenn engaged in jointly undertaken criminal activity. We disagree.

The Federal Sentencing Guidelines define "jointly undertaken criminal activity" as "a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with the others, whether or not charged as a conspiracy." U.S. Sentencing Guidelines Manual § 1B1.3 n.2 (2010). In applying this definition, the district court pointed to the testimony by Ms. LaFaunce. She testified that Mr. Green and Mr. Glenn had obtained drugs for each other on several occasions. And this testimony supported the district court's conclusion that:

- Mr. Green and Mr. Glenn had jointly engaged in a "criminal plan" to purchase drugs for each other, and

- this criminal plan satisfied the definition of "jointly undertaken criminal activity."

Accordingly, we hold that the district court did not clearly err in finding that Mr. Green had engaged in jointly undertaken criminal activity with Mr. Glenn.

### Quantity of Cocaine Base Attributable to Mr. Green

The district court found Mr. Green responsible for 4.056 kilograms of cocaine base. This finding did not involve a clear error.

The weight of drugs attributable to Mr. Green "is not necessarily based on the overall amount involved in the conspiracy for which he was convicted or on the transactions in which he personally participated." *United States v. Figueroa-Labrada*, 720 F.3d 1258, 1265 (10th Cir. 2013). Instead, he is responsible for

4

drugs: (1) that are within the scope of criminal activity he agreed to undertake, and (2) that are reasonably foreseeable in connection to the criminal activity. *Id.* (construing U.S. Sentencing Guidelines Manual § 1B1.3 n.2 (2010)). Under the illustrations to the Federal Sentencing Guidelines, a drug dealer who pools his resources and profits with other drug dealers is accountable for the other dealers' sales because they are "in furtherance of the jointly undertaken criminal activity and reasonably foreseeable in connection with that criminal activity." U.S. Sentencing Guidelines Manual § 1B1.3 illus. (c)(6) (2010).

Ms. LaFaunce's testimony, which the district court found credible, indicates that the two men pooled their resources by traveling together and making trips for one another for about two to three years.

This evidence was sufficient for the district court to reasonably view the 4.056 kilograms of cocaine base to be both:

- reasonably foreseeable to Mr. Green and

- within the scope of his jointly undertaken criminal activity with Mr. Glenn.

Thus, the court did not clearly err in calculating Mr. Green's sentence based on 4.056 kilograms of cocaine base.

## Conclusion

We conclude that the district court did not clearly err in determining: (1) that Mr. Green and Mr. Glenn had engaged in jointly undertaken criminal

5

activity, and (2) that the evidence was sufficient for the district court to find that 4.056 kilograms of cocaine base was reasonably foreseeable and within the scope of that criminal activity. Therefore, we affirm.

Entered for the Court

Robert E. Bacharach
Circuit Judge